```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION


EDWARD HAVARD, INDIVIDUALLY
AND AS THE FATHER AND NEXT FRIEND
OF HEATHER HAVARD                                       PLAINTIFFS


VS.                              CIVIL ACTION NO. 4:06CV138TSL-LRA


F.M. LOGISTICS, INC. AND
EDUARDO BARRON                                          DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants F.M. Logistics, Inc. and Eduardo Barron to dismiss pursuant to Rules 12(b)(6) and 4(m) of the Federal Rules of Civil Procedure for failure to perfect service of process on Eduardo Barron and for alleged untimely service of process on F.M. Logistics, Inc. In his response to the motion, plaintiff Edward Havard has agreed that the motion is well taken as to defendant Eduardo, but he opposes the motion as to defendant F.M. Logistics, Inc., taking the position that this defendant was timely served.[1] The court has considered the memoranda of authorities, together with attachments, submitted by the parties, and concludes that F.M. Logistics' motion to dismiss should be denied.

---

[1] Since the filing of the motion, the claims of Edward Havard on behalf of Heather Havard have been settled, and her claims dismissed with prejudice.

On November 2, 2003, plaintiffs were involved in an automobile accident with Eduardo Barron, who was at the time operating a vehicle in the course and scope of his employment with F.M. Logistics.  On November 2, 2006, the last day of the limitations period,[2] plaintiff filed this lawsuit against Barron and F.M. Logistics seeking to recover damages for injuries received in the accident.  On March 1, 2007, plaintiffs, having failed to serve process on defendant within 120 days of filing the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure,[3] moved for an extension of time to serve process on defendants, representing therein that its process server had repeatedly attempted to serve F.M. Logistics on its registered agent for service of process, Hector Saucedo, at 538 Ivey Road, El Paso, Texas, the address reflected in the records of the Texas Secretary of State, but was told there was no one there who could accept service of any court documents, and that Hector Saucedo was

---

[2]    See Miss. Code Ann. § 15-1-49 (establishing three-year statute of limitations for personal injury actions).

[3]    This rule provides:
(m) Time Limit for Service.  If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

no longer affiliated with F.M. Logistics. The court granted plaintiff a sixty-day extension of time to serve process.

On May 2, 2007, the final date for service under the court's order, plaintiff filed a second request for an extension of time to serve process, which was identical to his first request for an extension. The magistrate judge denied plaintiff's request for another sixty-day extension, but granted him an extension of forty-five days to effect service. On June 15, 2007, the forty-fifth day, plaintiff filed a third motion for an extension of time to serve process, which was identical to his earlier motions. The magistrate judge granted a forty-five day extension, giving plaintiff until August 31, 2007 to effect service of process. On August 31, 2007, plaintiff filed a fourth (identical) motion for an extension of time to service process. The magistrate judge granted the motion by text order entered September 6, 2007, giving plaintiff until November 6 to serve process, but advising that no further extensions would be granted without the approval of the district judge. On September 6, 2007, process was served by delivery of the summons and complaint to Hector Saucedo, F.M. Logistics' president, at 1244 Windemere Drive, El Paso, Texas.

In its motion, F.M. Logistics argues that the court should dismiss plaintiff's complaint against it for failure to timely effect service of process. This defendant acknowledges that the court granted plaintiff extensions of time to effect service, and

3

does not deny that service was finally effected within the time allowed by the court; however, it argues that there was no reason for plaintiff's delay in effecting service, and that in effect, plaintiff never had good cause for seeking or securing extensions of time to serve process.

Rule 4(m) governs the timeliness of service of process.

> Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. Id.  Morever, even if good cause is lacking, the court has discretionary power to extend time for service. Id.  Such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note (1993).

Newby v. Enron Corp., No. 06-20658, 2008 WL 2605118, at *2 (5th Cir. July 2, 2008). Clearly, then, regardless of whether plaintiff had good cause for his failure to serve process within the original 120 days allowed under Rule 4(m) or during any of the first three extensions granted by the court, Rule 4(m),[4] the court

---

[4] The court herein expresses no opinion on whether or not good cause existed.  Hector Saucedo has submitted an affidavit, stating that he was at all times available for service at the business address for F.M. Logistics that appears in the complaint, which he represents as 1244 Windemere Drive, El Paso, Texas.  He claims that no one attempted to serve him at that address until September 7, 2007, the day he was finally served.  In fact, the return of service does reflect that Saucedo was ultimately served at this address.  However, the address for F.M. Logistics, and for

4

had the discretion under Rule 4(m) to grant plaintiff additional time to effect service.  This discretion could properly have been exercised in favor of allowing the extensions.[5]  The court therefore concludes that F.M. Logistics' motion to dismiss should be denied.

Accordingly, it is ordered that defendants' motion to dismiss is granted as to Eduardo Barron but denied as to F.M. Logistics.

SO ORDERED this 14th day of August, 2008.


          /s/Tom S. Lee
          UNITED STATES DISTRICT JUDGE

---

its Hector Saucedo, its registered agent for process, as shown in the complaint and in the records of the Texas Secretary of State is 538 Ivey Road, El Paso, Texas.  There is nothing in the record to indicate how (or when) plaintiff came to learn that 1244 Windemere Drive, El Paso, Texas, was the correct address.

[5]  The court notes that one of the factors a court may consider in deciding whether to allow an extension is whether the statute of limitations has expired, which would prevent the plaintiff from refiling the suit.  Here, the suit was filed on the last day of the limitations period and could not be refiled if the extensions were not granted.